UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VISION PHARMA, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SUNRISE PHARMACEUTICAL, INC.,<br><br>    *Defendant*. | C.A. No.: 2:13-cv-04692 (CCC) (JBC)<br><br>[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW |

  Plaintiff, Vision Pharma, LLC, ("Vision" or "Plaintiff") has filed a Motion to Seal Certain Materials designated as Confidential (the "Motion to Seal") in connection with Plaintiffs Motion to Compel dated October 31, 2016 ("the Motion to Compel"). Plaintiff has submitted the Certification of Henry Gabathuler ("the Certification") and Memorandum of Law in support of Plaintiff's Motion to Seal. The Court has considered the Motion to Seal and supporting documents and determines that Plaintiff has satisfied Local Civil Rule 5.3(c):

  1. On August 5, 2014, a Discovery Confidentiality Order (*Dkt.* No. 26, the "Discovery Confidentiality Order") was entered in this case to govern the disclosure, production, and use of information, documents and tangible things in connection with this Action and provides that a party producing documents in the course of this action may designate materials as "Confidential" or "Attorneys' Eyes Only."

  2. In an Order dated October 7, 2016 (*Dkt.* No. 92) the Court granted Defendant's Motion to Seal Defendant's August 19, 2016 letter to the Hon. James B. Clark, III, U.S.M.J. and Exhibits A-B, D-F and J attached thereto (the "Sunrise Letter").

  3. The Sunrise Letter is attached to the Gabathuler Declaration in support of Plaintiff's Motion to Compel as Exhibit G and is discussed in Plaintiff's Memorandum of Law in

1

support of the Motion to Compel.

4. Attached to the Gabathuler Declaration as Exhibit J is an invoice and an inventory spreadsheet that have been designated by Plaintiff as "Confidential" under the Discovery Confidentiality Order (the "Confidential Invoice"). The Confidential Invoice and inventory spreadsheet is discussed in Plaintiff's Memorandum of law in support of the Motion to Compel.

5. Counsel for Plaintiff has submitted the Certification in support of the Motion to Seal and stating the nature of the documents in question and its understanding that Plaintiff has a strong interest in avoiding public disclosure of: the Confidential Invoice; the Sunrise Letter and Exhibits A-B, D-F, J attached thereto; and the discussion of same in Plaintiff's Memorandum of law in support of Plaintiff's Motion to Compel (collectively the "Confidential Materials").

6. The Certification represents that:

The Confidential Materials contain and/or reference sensitive, non-public commercial information pertaining to Plaintiff's business including, confidential documents identifying Plaintiff's customers, service providers and terms of the respective business arrangements, as well as confidential internal documents concerning Plaintiff's products and business strategy.

Public disclosure of the Confidential Materials would provide insights into confidential commercial aspects of Plaintiff's business that a competitor could seek to exploit and could undermine Plaintiff's business relationships.

The Sunrise Letter (including Exhibits A-B, D-F and J attached thereto) and the Confidential Invoice are replete with confidential information and are discussed in detail throughout Plaintiff's Memorandum of Law in Support of the Motion to Compel such that there is no suitable and less restrictive alternative to filing such documents under seal in this instance.

7. In view of the foregoing, the Court finds that public disclosure of the Confidential Materials poses a sufficient risk of harm to Plaintiff's business and Plaintiff has a legitimate interest in the continued confidentiality of the Confidential Materials.

8. Consequently, the Court finds that Plaintiff's interests in filing the Confidential Materials under seal satisfies the standards set forth in L. Civ. R. 5.3(c) and that Plaintiff's Motion to Seal under L. Civ. R. 5.3(c) should be granted and that the Clerk be directed to seal Exhibit G to the Gabathuler Declaration, Exhibit J to the Gabathuler Declaration and Plaintiff's Memorandum in support of the Motion to Compel discussing Exhibits G and J of the Gabathuler Declaration.

Dated: ~~November __, 2016~~ January 17, 2017;

_____

HON. JAMES B. CLARK, III, U.S.M.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VISION PHARMA, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>SUNRISE PHARMACEUTICAL, INC.,<br><br>    *Defendant.* | C.A. No.: 2:13-cv-04692 (CCC) (JBC)<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO SEAL CERTAIN MATERIALS |

THIS MATTER having come before the Court by Leason Ellis LLP, attorneys for plaintiff Vision Pharma, LLC, ("Vision"), pursuant to L. Civ. R. 5.3(c) to seal certain materials filed with the Court in connection with Plaintiff's Motion to Compel filed on October 31, 2016; and the Court having considered the submissions of the parties; and for good cause shown;

IT IS on this __17th__ day of ~~November, 2016~~ January, 2017;

**ORDERED** that Plaintiff's Motion to Seal under L. Civ. R. 5.3(c) is hereby granted; and it is

**FURTHER ORDERED** that the clerk be directed to seal:

- Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel filed October 31, 2016; and

- Exhibits G and J to the Gabathuler Declaration in support of Plaintiff's Motion to Compel.

[This Order terminates Docket Entry No. 96].

_____
HON. JAMES B. CLARK, III, U.S.M.J.